# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | ) **COMPLAINT**<br>) **JURY TRIAL DEMAND** |
| GAINEY TRANSPORTATION SERVICES, INC., | )<br>)<br>) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex and to provide appropriate relief to Tameisha L. Wilson ("Ms. Wilson") who was adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. Wilson was subjected to sexual harassment through constant sexual comments, threatening language, sexually explicit items in the work place, and unwanted and unwelcome touching, all of which created a sexually hostile and offensive work environment for her as a female. The Commission further alleges that although Ms. Wilson objected to and complained about the offensive conduct and the sexually hostile work environment, no remedial action was undertaken to prevent or stop the conduct.

In addition, the Commission alleges that Defendant retaliated against Ms. Wilson after she complained of harassment. Specifically, she was discharged for a pretextual reason and on the same day abandoned at a truck stop location remote from her home, without money or a cell

1

cell phone. As a result of the sexually based harassment and retaliation, Ms. Wilson has suffered severe emotional distress, and significant backpay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant, Gainey Transportation Services, Inc. ("Defendant Employer"), a Michigan corporation, has been and is now doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tameisha L. Wilson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In October, 2006, Defendant Employer engaged in unlawful employment practices in various locations in and around western Pennsylvania in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Tameisha L. Wilson to a sexually hostile and offensive work environment as follows:

(a) On or about October 1, 2006, Ms. Wilson was hired by Defendant Employer as a truck driver. Ms. Wilson had a commercial driver's license at the time of hire.

(b) Upon hire, Ms. Wilson commenced Defendant Employer's driver trainee program in Dallas, Texas. At the completion of the classroom portion of the training, she drove with a male driver from Dallas, Texas to Hanover, Pennsylvania. On or about October 14, 2006, Ms. Wilson continued the training program and was assigned to be trained by veteran driver/trainer, Glover Dixon (nicknamed "Freaky D"), a male.

(c) During the time she was assigned to train, Ms. Wilson was required to ride with Glover Dixon in his truck on a daily basis, and was subjected to constant sexually offensive behavior. The hostile work environment took the form of unwelcome sexual comments by Dixon, inappropriate and unwanted touching, the display of offensive sexual objects in his truck, and intimidating comments by Dixon that she should not complain.

(d) Ms. Wilson repeatedly complained about the sexually offensive environment to various Defendant Employer officials, including Michael Magness, Driver Trainer/ Liaison who was located in Hanover, Pennsylvania, Regional Manager Mike Mullany, who was located in the

3

Dallas Texas office, and Manager of Driver Trainees' Craig Van Dyke, located in Defendant Employer's home office in Grand Rapids, Michigan. Despite her repeated complaints, no remedial action was taken.

8. In October, 2006, Defendant Employer engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000(e)-3(a), by retaliating against Ms. Wilson after she complained about the hostile and offensive work environment. The retaliation included, but was not limited to, the following:

(a) Defendant Employer retaliated against Ms. Wilson when it failed to provide her with money, a company credit card, or a cell phone to allow her to obtain basic necessities during a projected three-day layover at a truck stop.

(b) Defendant Employer retaliated against Ms. Wilson when it discharged her for pretextual reasons on October 16, 2006. On that same date, subsequent to her discharge, Defendant abandoned her at a truck stop without providing a cell phone, a credit card or money for her to obtain assistance in returning to her home over 100 miles away.

9. As a result of sexually hostile work environment and retaliation, Ms. Wilson suffered severe and extreme psychological and emotional damage in addition to economic harm.

10. The effect of the practices complained of in paragraphs 7 and 8, above, has been to deprive Tameisha Wilson, as a female employee, of an harassment free work environment, equal employment opportunities and otherwise adversely affects her status as an employee because of her sex, and as an employee who engaged in protected activity under Title VII.

11. The acts complained of in paragraphs 7 and 8 above, were intentional and malicious.

12. The unlawful employment practices complained of in paragraphs 7 and 8 above, were done with reckless indifference to the federally protected rights of Tameisha Wilson as a female employee.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination, sexual harassment, and anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or

complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Tameisha Wilson by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Tameisha Wilson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Tameisha Wilson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8, above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Tameisha Wilson punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**RONALD S. COOPER**
**GENERAL COUNSEL**

**JAMES L. LEE**
**DEPUTY GENERAL COUNSEL**

**GWENDOLYN YOUNG REAMS**
**ASSOCIATE GENERAL COUNSEL**
**WASHINGTON, D.C.**

*/s/ Jacqueline H. McNair*
**JACQUELINE H. MCNAIR**
**REGIONAL ATTORNEY**

*/s/ Judith A. O'Boyle*
**JUDITH A. O'BOYLE**
**SUPERVISORY TRIAL ATTORNEY**

*/s/ M. Jean Clickner*
**M. JEAN CLICKNER**
**TRIAL ATTORNEY**
PA. I.D. No. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439
(412) 644-4935 (facsimile)

7