IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff(s),

07cv1070
**ELECTRONICALLY FILED**

v.

GAINEY TRANSPORTATION SERVICES, INC.,

                Defendant(s).

MEMORANDUM ORDER

This is an action in employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff, the Equal Employment Opportunity Commission (EEOC), alleges that Tameisha Wilson (Wilson / intervenor), a female employee of defendant, Gainey Transportation Services, Inc. (Gainey) had been subjected a sexually hostile work environment created by a co-worker, who was "training" her as a truck driver, and that despite having notice of the situation, management employees of defendant failed to take action to address the problem. Plaintiff also alleges that defendant retaliated against her when it discharged her for pretextual reasons. Plaintiff seeks monetary relief in the form of compensatory and punitive damages as well as injunctive relief.[1] Defendant has filed a motion for summary judgment under Fed.R.Civ.P. 56(c) arguing that plaintiff cannot create a material

---

[1] As of May 7, 2008, the intervenor's complaint was dismissed with prejudice based upon a monetary settlement of her claims, and therefore, the only remaining relief requested by plaintiff is a claim for injunctive relief. The Court will address defendant's supplemental motion for summary judgment in a separate order upon completion of the briefing schedule now slated to be concluded on May 20, 2008.

issue of fact on its hostile work environment and retaliation claims, because plaintiff has failed to show that the harassment intervenor was subjected to was severe and pervasive, and/or that plaintiff has failed to show pretext. For the reasons that follow, the motion will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Id. at 248. Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id.

It is on this standard that the Court has reviewed defendant's motion and plaintiff's response thereto. Based on the pleadings and evidence of record, the written arguments of counsel, and the briefs filed in support and opposition thereto, the Court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes summary judgment in this matter.

Although defendant argues to the contrary, for purposes of summary judgment, plaintiff has met its burden to create a material issue of fact regarding whether the discrimination was "severe **or** pervasive,"

Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)(quoting Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65, 67 (1986)).  Further, due to the timing of the intervenor's complaints about the hostile work environment to management personnel of defendant and her almost immediate discharge, plaintiff has also met its burden to show that intervenor's discharge was pretextual.  See Jalil v. Avdel, 873 F.2d 701, 708 (3d Cir. 1989)((close temporal proximity between the protected activity (2 days after complaint) and the adverse employment actions is sufficient to support a causal inference)).

Accordingly, this 14th day of May, 2008, upon consideration of defendant's motion for summary judgment [document no. 36], IT IS HEREBY ORDERED that the motion is DENIED.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge